UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDELL JOHNSON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| CARGILL, INCORPORATED AND | * | SECT.     MAG. |
| CARGILL DRY CORN INGREDIENTS, INC. | * | JUDGE |
| | * | MAGISTRATE |

## COMPLAINT FOR DAMAGES

The complaint of Wendell Johnson, a citizen of the State of Louisiana with respect represents:

1.

Defendant, Cargill Incorporated is a foreign corporation with its principal place of business located in the State of Minnesota.

2.

Defendant, Cargill Dry Corn Ingredients, Inc. is a foreign corporation with its principal place of business located in the State of Minnesota.

3.

This court has jurisdiction over this matter under 23 USC 1332 because there is complete diversity and the plaintiff the matter in controversy exceeds $75,000.

4.

Plaintiff alleges at all times pertinent hereto, defendants, Cargill, Incorporated and/or Cargill Dry Corn Ingredients, Inc. were the owners of the property, equipment and facilities where Plaintiff was injured, all of which was located at the defendants' local facilities in Westwego, Louisiana, thus venue in this court is proper under 28 USC 1391(b)(2).

5.

On or about July 11, 2012, Wendell Johnson, while in the course and scope of his employment with Vector Electric, LLC, and while performing services for Defendants, Cargill, Incorporated and/or Cargill Dry Corn Ingredients, Inc., was in an man-lift/elevator to descend to the ground and the elevator cables broke or malfunctioned causing the elevator to fall an unknown distance at a rapid rate, then suddenly stopping and causing Plaintiff to sustain injuries to his back, neck, hip and feet.

6.

The man-lift/elevator was part of and attached to the loading dock, which was owned, operated and maintained by the defendants Cargill, Inc. and Cargill Dry Corn Ingredients, Inc., which at all times pertinent hereto was located over the Mississippi River, in Westwego, Louisiana.

7.

Plaintiff alleges that the defendants, Cargill, Incorporated and Cargill Dry Corn Ingredients, Inc. and/or its employees were negligent because they failed to inspect and maintain the elevator and its cables and failed to warn plaintiff of its unreasonably dangerous condition, which was not obvious or known to him, and for other reasons that may be identified later.

8.

Plaintiff also alleges Cargill, Inc. and Cargill Dry Corn Ingredients, Inc. are negligently and strictly liable as owner of the elevator due to its unreasonably dangerous condition and failure to warn plaintiff of the condition and/or design characteristics of the stairs.

9.

To the extent Plaintiff's injuries were caused by the fault of defendants' employees, Plaintiff also alleges that Cargill, Incorporated and Cargill Dry Corn Ingredients, Inc. are responsible for the fault and negligence of its employees under the doctrine of *respondeat superior*.

10.

Plaintiff avers that the strict liability and negligence of the defendants and its employees was the proximate and legal cause of his injuries and damages.

11.

As a result of the fault of the defendants, the injuries and damages sustained by Wendell Johnson include severe injuries to his body and mind, including but not limited to, his back, neck, hip, feet and other serious and permanently disabling injuries to the body and mind all of which has caused him to sustain a loss of wage earning capacity.

12.

Because of said injuries and damages, Wendell Johnson may have to undergo surgery to the injured areas of his body, has endured severe pain and suffering and mental anguish, and will continue to so suffer and has sustained a loss of wage earning capacity, and has been caused to incur medical bills for the treatment of his injuries.

13.

Plaintiff alleges, on information and belief, that he will in the future, because of said injuries and damages to his body and mind, endure pain and suffering and mental anguish as well as loss of income and other elements of damages, all of which entitles Plaintiff to reasonable special and general damages.

**WHEREFORE**, Wendell Johnson prays that process in due form of law and according to the Federal Rules of Civil Procedure issue against Defendants, directing them to appear and answer, all and singular, the matters aforesaid; that after due proceedings have been had, there be judgment in favor of Plaintiff, Wendell Johnson, and

against the Defendants, jointly and severally, for reasonable damages, together with legal interest from date of occurrence and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief, which the justice of the cause may require, and to which they may otherwise be entitled, and that all experts' fees be taxed as costs.

*/s/ Stephen J. Johnson*
STEPHEN J. JOHNSON (22439)
Attorney at Law
Post Office Box 3320 / No. 1 Church Street
Houma, Louisiana 70361 / 70364
Telephone: (985) 868-9600
Facsimile: (985) 868-1254
Email: sjohnson@lsmaplc.com
Counsel for Plaintiff, Wendell Johnson

**PLEASE SERVE:**

**CARGILL, INCORPORATED**
Through its agent for service of process:
C T Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808

a n d

**CARGILL DRY CORN INGREDIENTS, INC.**
Through its agent for service of process:
C T Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808